CULPEPPER, Judge.
Plaintiffs carried automobile liability insurance through the defendant, Hubert M. Blanchard, d/b/a Blanchard Insurance Agency. Defendant Blanchard did not renew the policy on its expiration date, April 16, 1967. Mr. Gary was involved in an automobile accident on April 27, 1967 while driving the uninsured vehicle. Two tort actions arising out of the collision were filed against Gary. The Garys then filed the present shit for damages, contending the defendant Blanchard breached his duty to renew the policy.[1] From an adverse judgment, plaintiffs appealed.
The trial judge has written the following excellent opinion which we adopt as our own:
“The evidence preponderates that since 1960 Blanchard had been servicing the insurance needs of the Garys. Blanchard *516 had set up a line of credit for the Garys wherein they would make payments on their premium account at intermittent times and in various amounts. An examination of the ledger sheets reflect that the payments were made under no special plan of payment but at intervals and amounts which were convenient for the Garys. The Garys had a public liability policy in effect covering their Oldsmobile which contained a term beginning April 16, 1966 and expiring April 16, 1967. On April 14, 1967, two days before the expiration of the term, Blanchard made the following demand upon the Garys by letter.
“ 'April 14, 1967
“ ‘Dear James,
“ ‘Your liability coverage on your 1965 Oldsmobile will be up for renewal on April 16, 1967, and we will not be able to renew unless you make some substantial method of paying us the balance you now have. Your balance you now owe us is $183.68, and the last time you paid anything -was Feb. 8, 1967. I am sorry about this but this is the way it has to be.
“ ‘Yours truly,
“ ‘/s/ Hubert Blanchard
“ ‘Hubert Blancard’ ”
“The $183.68 was the balance due Blanchard on the open account. This did not include the premium that would have been due for the renewal of the liability policy which would have been an additional $69.16 (See Exhibit P-3). Prior to the letter the ledger reflects payment of $20.00 January 18, 1967 and $10.00 February 8, 1967. It was under these circumstances that Blanchard made the demand for ‘some substantial method of paying us the balance’ due him. The letter was mailed April 14, 1967, and Mrs. Miller, an office worker for the defendant agency, testified that when she mailed the letter that day, she, at the same time, picked up the mail for the Blanchard Agency and in that mail was a check to the agency for $50.00. “The check was dated April 14, 1967, the ledger entry is dated April 14 and the check shows payment by the bank the following day. Mrs. Gary contends that the $50.00 was paid in response to the letter. The facts do not support her contention. This Court must conclude that the payment was mailed before the letter was received by the Garys. Following these events no further contact was made between the Garys and Blanchard until the day following the accident on April 27, 1967. Blanchard then notified the Garys that he had not renewed the policy which expired April 16. An endorsement, adding liability coverage for the Oldsmobile, was effectuated April 28 (Exhibit P.). The question presented is whether under these circumstances Blanchard was obligated to renew the liability policy.
“ ‘As a general rule the jurisprudence is uniform that term insurance, which in effect is the status of an automobile liability policy, carries no obligation on the part of the agent to renew the policy, nor is there any obligation on the part of the insurance company to accept the renewal by an agent on any such insurance.’ Walters v. Edwards [La.App.] 212 So. 2d 749.
“ ‘The jurisprudence also provides that recovery may be allowed a prospective insured where the actions of the insurance agent are shown to be such as to warrant an assumption by the insured that he was adequately covered by suitable insurance.’ Arceneaux v. Bellard [La.App.] 149 So.2d 144 [444],
“As we apply these principles to the facts herein, we come to the conclusion that Blancard owed no duty to renew the liability policy. Over several years Blanchard had extended credit with payments made as hereinbefore described. On April 14, however, he affirmatively notified the Garys that he would not continue such a method of payment and unless *517 a substantial method of payment was worked out between him and the Garys then the liability' policy would not be renewed. The payment of $50.00 on account cannot be said to be a compliance with the terms of the letter. The Garys made no effort to comply with the conditions of the letter by setting up a ‘substantial method of paying’ the $183.68 balance due on April 14. Further the $50.00 paid would not be sufficient to pay the premium for the renewal of the liability policy which premium was $69.16. The letter had the effect of putting the Garys on notice that unless there was a meeting of the minds on a plan for payment of the outstanding indebtedness, the renewal would not be made. The letter brought an end to the credit practices that had been existing between these parties and by not making the requested arrangements with Blanchard, the Garys waived any right to rely on the practices of the past.
“For these reasons judgment shall be rendered in favor of the defendant Hubert M. Blanchard and against plaintiffs, James H. Gary and Caren Gary dismissing plaintiffs’ suit at their costs.”
Plaintiffs’ principal argument on appeal is that since defendant had written their automobile liability insurance for several years on a credit basis, they had a right to assume he would renew the policy and defendant is estopped to deny a renewal. They argue that the letter written two days before the expiration date was not a positive and unequivocal notice that the policy would not be renewed, since it was conditioned on plaintiffs making “some substantial method of paying” the balance due. Plaintiffs also argue the two days notice was not sufficient time for them to obtain other coverage.
We agree with the trial judge that the letter itself states positively the policy would not be renewed unless some “substantial method” was made to pay the balance due. On receiving this letter, plaintiffs had no right to assume Blanchard would renew the policy. The trial judge found as a fact that the $50 payment was not made in response to the letter but, instead, was by coincidence placed in the mail at about the same time as the letter. This is a factual finding based largely on the credibility of the witnesses. We find no manifest error here.
We agree with the trial judge that plaintiffs did not comply with the conditions of the letter by contacting defendant and arranging some “substantial method of paying” the balance due.
Under the direct action statute, plaintiffs also sued Utica Mutual Insurance Company, with whom defendant Blanchard carried an error and omissions policy. Utica filed an exception of no cause of action on the grounds that suits for breach of contract cannot be prosecuted under the direct action statute, Pennsylvania Fire Insurance Company v. Underwriters at Lloyd’s, 140 So.2d 212 (La.App. 4th Cir. 1962, Certiorari Denied); Lacour v. Merchants Trust & Savings Bank, 153 So.2d 599 (La.App. 4th Cir. 1963). The district court sustained this exception. In view of our conclusion that there has been no error nor omission by Blanchard, it is not necessary for us to consider the liability of his insurer, Utica. Hence, we pretermit the issues raised by this exception.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.

. The failure to renew in the present case occurred in 1967 which was before the adoption of Act 632 of 1988, amending LSA-R.S. 22 :636.1 with reference to the duty of an automobile liability insurance agent to renew a policy.