429 So.2d 866 (1983)
J.C. GAUTREAU
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
No. 82-C-0918.
Supreme Court of Louisiana.
April 4, 1983.
*867 Patrick T. Caffery, Caffery, Oubre & Dugas, New Iberia, for applicant.
Gary E. Theall, Theall & Fontana, Abbeville, for respondent.
LEMMON, Justice.
The principal issue in this case is whether an insurance company can decline to renew an insurance policy, with or without cause, when the policy contains a provision that the insured may elect not to renew the policy and when no party affiliated with the insurer has separately agreed that the insured can purchase insurance as long as the insured fulfills certain conditions.
Plaintiff was a long-time member of the Louisiana Farm Bureau and had obtained insurance for many years from insurance companies affiliated with the Bureau.[1] When the insurers refused to renew plaintiff's policies after he made a claim for property damage, plaintiff filed this action for a declaratory judgment, seeking a declaration that he was entitled to purchase insurance from the affiliated insurers as long as he remained a member in good standing in the Bureau.
Defendant insurers filed an exception of no cause of action and a motion for summary judgment, contending that the insurance policies contained an endorsement granting the insurer the right of electing not to renew the policy and contending further *868 that the required notice of election not to renew had been mailed timely to plaintiff.[2] Attached to the motion for summary judgment were the policies and copies of the insurer's letters notifying plaintiff of the election not to renew the policies.
In opposition to the motion, plaintiff submitted affidavits by two other Bureau members, each stating that it was the affiant's "understanding that a member in good standing of the [Vermilion or Acadia Parish] Farm Bureau is entitled as a matter of right to purchase insurance from [defendant insurers]".
The trial court granted defendants' motion for summary judgment, reasoning that the insurers provided insurance to the Bureau members as a service and that a member was not entitled to the service as a matter of right, but only if the insurer agreed to contract with the members. The court found that the insurers had exercised their right not to renew the policy, that the evidence submitted at the hearing on the motion had not raised any issue of material fact to be determined at trial, and that the insurers were entitled to judgment as a matter of law.
The court of appeal reversed in a sharply divided decision. 410 So.2d 815. The plurality opinion reasoned that although the policy provision allowed the insurers to elect not to renew, the adhesive nature of the contract and the unbalanced relationship of the parties gave rise to an implied covenant of good faith and fair dealing, which precluded the insurer from refusing renewal for an arbitrary or capricious reason.[3] Alternatively, the decision noted that the plaintiff should be entitled to establish an agreement that a Bureau member must be allowed to purchase insurance offered by the companies. We granted certiorari, being primarily concerned with the insurers' statutory and contractual right to refuse to renew a policy. 414 So.2d 392.
The Louisiana Insurance Code provides the methods by which and the conditions under which an insurance policy may be terminated by cancellation or nonrenewal.[4] La.R.S. 22:635 provides that an insurance policy, which terminates by its terms at a specified date and is not otherwise renewable, may be renewed at the option of the insurer by use of an authorized renewal form, without the necessity of issuance of a new policy. The only limitation on the renewal or nonrenewal of insurance policies is contained in La.R.S. 22:636.1, applicable only to automobile liability insurance policies, which provides that an insurer may not fail to renew an automobile policy unless it gives the required notice of its intent not to renew.[5] La.R.S. 22:636.1(E). The statute further prohibits the failure to renew a policy purely on the basis of the applicant's age.[6] La.R.S. 22:636.1(C). Other than these restrictions specifically applicable only to automobile liability insurance policies, there are no statutory restrictions on the insurer's exercise of its statutory right not to renew a policy.
Louisiana court decisions have consistently held that when an insurer has included in a policy the option not to renew at the end of the term, there is no obligation *869 on the insurer to renew that policy. See Gary v. Blanchard, 228 So.2d 515 (La. App. 3rd Cir.1969); Walters v. Edwards, 212 So.2d 749 (La.App. 1st Cir.1968). These decisions appear to accord with those of other jurisdictions, as observed in a recognized treatise:
"Where there is no clause in the policy expressly granting a privilege or imposing a duty of renewal, neither party has any right to require a renewal. Thus, the rights of the parties under such a contract are mutual in the sense that neither is bound to renew the contract. And under such a policy the insurer may decline to renew the policy at the end of a premium payment period." 17 Couch on Insurance 2d § 68.11 (1967).
See also 13A Appleman, Insurance Law and Practice § 7642, et seq. (1976). Only in those cases in which the legislative branch has expressly regulated the insurer's right to refuse to renew policies have courts held that an insurer could not exercise that right arbitrarily and capriciously. See, for example, J.C. Penney Cas. Co. v. Commonwealth, Dept. of Insurance, 402 A.2d 558 (Pa. Cmwlth.1979), in which the court found that the insurer failed to show an increased hazard so as to justify its cancellation or nonrenewal under that state's Unfair Insurance Practices Act. Additionally, when the insurer has refused to renew in an attempt to defraud the insured, the exercise of that option has also been held invalid. See United American Ins. Co. v. Gravett, 339 S.W.2d 682 (Tex.Civ.App.1960), in which an insurer refused to renew a medical and hospitalization policy, when the insured's wife was eight months pregnant, in an attempt to avoid payment of the costs of the child's birth.
We therefore conclude that an insured may not defeat the insurer's statutory and contractual right not to renew the policy by asserting that the insurer's exercise of its option was arbitrary and capricious.
Plaintiff has not asserted that the refusal to renew violated any provisions of the Louisiana Insurance Code. Neither has he alleged an attempt by the insurer to defraud him. He has only alleged that the insurer refused to renew for arbitrary or nonexistent reasons. Even if the plaintiff were to prove these allegations at trial, he would not prevail.
Finally, nothing in the pleadings, depositions or affidavits raises a genuine issue as to material fact concerning a separate agreement with the insurer or a representation by the insurer's agent that plaintiff had the right to purchase insurance from the affiliated insurers as long as he remained a Bureau member in good standing. Two Bureau members stated their "understanding" that members had this right, but neither stated any factual basis for that understanding or suggested that any action or representation by the Bureau's agents created that understanding.
Plaintiff does argue that the Bureau's by-laws (attached to the Bureau president's deposition) entitled him "to the benefits and privileges of any affiliated or associated insurance company service". That provision in Article IV, Section 6 pertains to a member's dependents and simply states that Bureau programs (including insurance) available to a member are also available to his dependents. The affiliated insurers offer insurance exclusively to Bureau members (and their dependents), who enjoy the reduced premiums and other benefits of such an arrangement. However, nothing in the by-laws (or in any other document in this record) requires the affiliated insurers to provide insurance to every Bureau member who applies for a policy.
Once the insurers introduced the policies of insurance containing the nonrenewal option, plaintiff had the burden to present affidavits or other evidence of facts that made the controlling provision inapplicable or to establish that there was a genuine dispute as to such facts. See Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Plaintiff had ample opportunity to develop a factual basis for his belief that he was entitled to purchase insurance as a matter of right, but he failed to do so. Since no genuine issue of material fact exists, *870 the insurers are entitled to judgment as a matter of law.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated.
NOTES
[1] Southern Farm Bureau Casualty Insurance Company is a foreign insurer which is run by a board of 15 directors, three of whom are elected by the Louisiana Farm Bureau. Louisiana Farm Bureau Mutual Insurance Company is a domestic insurer which is wholly owned by its policyholders.
[2] The Nonrenewal Endorsement provided:

"If this Company elects not to renew this policy, it shall mail to the Insured written notice of such nonrenewal, not less than thirty days prior to the expiration date; provided that, notwithstanding the failure of this Company to comply with the foregoing provisions of this paragraph, this policy shall terminate automatically on such expiration date, if the Named Insured has failed to pay any premium finance plan or extension of credit." (Emphasis supplied.)
[3] Other concurring opinions in the 4-1 decision asserted that there should be a trial on the merits to determine whether authorized agents of the insurers made agreements or representations which override the positive policy provisions.
[4] Cancellation is not at issue in this case.
[5] Defendants' automobile policies incorporated the notice requirement. It is undisputed that the defendants gave the required notice of its intent not to renew.
[6] There is no contention that the nonrenewal of the plaintiff's automobile liability insurance was based on his age in violation of La.R.S. 22:636.1(C).