The BUILDING AND CONSTRUCTION TRADES DEPARTMENT, AFL–CIO, The Colorado Building and Construction Trades Council, Patrick F. Kelly and Virgil A. Owen, individually, and as representatives of a class of all former employees of the Rocky Flats Nuclear Weapons Plant, and John M. Amador, Jack D. Bloom, and Roger Saxton, individually, and as representatives of a class of the members of the Colorado Building and Construction Trades Council, Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation, and The Dow Chemical Company, a Delaware corporation, Defendants.

Civ. A. No. 90–B–180.

United States District Court, D. Colorado.

March 28, 1991.

Bruce H. DeBoskey, Steven W. Kelly, Silver & DeBoskey, P.C., Denver, Colo., Ronald Simon, David Elbaor, Richard J. Fiesta, Connerton, Ray and Simon, Washington, D.C., Merrill Davidoff, Berger & Montague, P.C., Philadelphia, Pa., Robert Golten, Fredericks & Pelcyger, Boulder, Colo., Stanley M. Chesley, Waite, Schneider, Bayless & Chesley Co., L.P.A., Cincinnati, Ohio, for plaintiffs.

Joseph J. Bronesky, Christopher Lane, Sherman & Howard, Denver, Colo., John D. Aldock, James R. Bird, Michael S. Giannotto, Shea & Gardner, Washington, D.C., for defendant, Rockwell.

Mark S. Lillie, John A. DeSisto, Kirkland & Ellis, Denver, Colo., David M. Bernick, Kevin T. Van Wart, Kirkland & Ellis, Chicago, Ill., for defendant, Dow.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

By previous order I granted defendants' motions to dismiss based on the exclusivity provisions of Colorado's Workmen's Compensation Act (the Act), Col.Rev.Stat. §§ 8–42–102, 8–52–102 (1986 Repl.Vol.). *The Building and Construction Trades Department v. Rockwell International Corp.*, 756 F.Supp. 492 (D.Colo.1991). I dismissed the claims of the plaintiff unions, the Building and Construction Trades Department, AFL–CIO and the Colorado Building and Construction Trades Council (collectively, the unions), because their claims were derivative. The unions now move to alter or amend the judgment under Fed.R.Civ.P. 59(e), arguing that their claims are not purely derivative. Because this argument was not made before judgment was entered and because, even if not derivative, the unions' claims are still barred by the Act's exclusivity provisions, I deny the motion.

Rule 59(e) is aimed at *reconsideration* not initial consideration. *Harley–Davidson Motor Co. v. Bank of New England–Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir.1990); *see White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). Generally, parties cannot use a rule 59(e) motion to raise arguments which could, and should, have been made before the judgment issued. *Harley–Davidson*, 897 F.2d at 616; *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *see Logan v. Andrus*, 640 F.2d 269 (10th Cir.), *cert. denied*, 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1984) (no error where trial court refused to consider a constitutional issue raised for first time in a post-judgment motion).

On this Rule 59(e) motion, the unions raise for the first time the contention that their claims are not purely derivative. The complaint does not allege that the unions have suffered any injury independent of that of its members. Rather the complaint alleges injury only to the individual plaintiffs. *E.g.*, Complaint ¶ 60 (plaintiffs "have been exposed to an increased risk of harm and of contracting fatal or other serious illnesses").

Even more to the point is plaintiffs' reply to defendants' motions to dismiss based on the Act. If the unions had an articulable basis why their claims are cognizable, independent from the individuals' claims, it was incumbent on them to make this argument in opposing defendants' motions. Moreover, in its brief supporting its motion to dismiss, defendant Rockwell International Corporation (Rockwell) explicitly argued that "[t]he claims of the plaintiff labor organizations, which purport to be suing on behalf of their members who 'work at the Rocky Flats Plant,' are derivative of the claims of those employees and are thus barred by the Workmen's Compensation Act because the claims of those employees are barred." Rockwell's Memorandum in Support of Motion to Dismiss at 16 n. 15. The unions never disputed this contention before judgment entered. Accordingly, I conclude that the unions' argument that their claims are not purely derivative cannot be raised for the first time on this Rule 59(e) motion.

In any event, the non-derivative claims of the unions are barred by the Act's exclusivity provisions. The Act bars "all causes of action ... for and on account of such death or personal injury to any such employee *and accruing to any person ....*" Colo.Rev.Stat. § 8–42–102 (emphasis added); *see also* Colo.Rev.Stat. § 8–52–102(1).

The unions argue that they have suffered injury in their own right by undertaking tests to evaluate the hazards and increased risk allegedly posed to Rocky Flats employees. The unions' claims are "for and on account of" injuries to the individual workers, injuries that I have previously held constitute personal injuries within the meaning of the Act. Thus, the unions' claims, even if non-derivative, are barred by the Act.

This result is mandated not only by the words of the statute, but also by the legislative intent. "Clearly, [the Act] expresses

**1430**

an intent by the Colorado legislature to render ... an employer [covered by the Act] immune from all liability, save that imposed by the Workmen's Compensation Act itself." *Ward v. Denver & R.G.W.R. Co.,* 119 F.Supp. 112, 114 (D.Colo.1954).

Accordingly, it is ORDERED that plaintiffs' motion to alter or amend the judgment is DENIED.