**Patricia L. BUELL, Plaintiff,**

v.

**SECURITY GENERAL LIFE INSURANCE COMPANY, an Oklahoma corporation, American Life and Casualty Company, an Iowa corporation, American Marketing Services, Inc., an Arizona corporation, formerly known as and doing business as Benecenter of Colorado, Inc., a Colorado corporation, and Benecenter of Colorado, Inc., Defendants.**

**Civ. A. No. 91–B–868.**

United States District Court,
D. Colorado.

Dec. 11, 1991.

John A. Cimino, John A. Cimino, P.C., Denver, Colo., for plaintiff.

Michael A. Williams, Steven D. Plissey, Williams, Youle & Koenigs, P.C., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

Babcock, District Judge.

In a published Memorandum Opinion and Order dated December 6, 1991, 1573 F.Supp. 779, I granted plaintiff Patricia L. Buell's motion for summary judgment on her declaratory judgment claim and granted defendants' motion for summary judgment on Buell's damage claims. Final judgment was entered accordingly. Before me is Buell's motion to reconsider the order granting defendants' summary judgment motion. This motion is denied.

Because judgment has entered, I consider Buell's motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Attached to her motion, Buell has submitted eighteen exhibits which she claims show that there are genuine issues of material fact that preclude summary judgment. It was inexcusable neglect not to present these exhibits before summary judgment was granted.

Buell has terminal lung cancer. On her request, I put this case on a "fast track," setting trial less than seven months after the case was removed to this court. In response to defendants' motion for summary judgment, Buell protested that discovery was not yet complete. Accordingly, by order dated November 13, 1991, I gave the parties through December 2, 1991 to file additional summary judgment materials. Also on November 13, 1991, Buell received information from defendants on their "loss ratio" concerning her group insurance policy for 1986 to 1990. On November 26, 1991, she received information from defendants on their "loss ratio" for 1985 and 1986.

Buell now submits this loss ratio evidence as the primary basis for her motion to reconsider. If Buell considered this information material to her motion for summary judgment, she should have submitted it by December 2, 1991, as required by my previous order. Buell complains that her expert did not interpret this information until December 4, 1991. If that was the case, she should have filed a Rule 56(f) affidavit explaining why she could not "for reasons stated present by affidavit facts essential to justify the party's opposition." It was inexcusable neglect for Buell to wait until the cross motions for summary judgment had been ruled upon before submitting the evidence or before notifying the court that she had needed additional time to respond to defendants' motion.

Moreover, even if I consider the "new" evidence concerning loss ratio, it is immaterial. The evidence shows the loss ratio sustained by defendants on Buell's group insurance policy. In addition, Buell has submitted an expert's opinion that it was unreasonable for defendants to terminate the group policy based on this loss ratio. Buell claims that this evidence supports her breach of implied covenant of good faith and fair dealing claim, asserting two theories that allegedly justify recovery.

Buell's first theory is that, based on expert witness opinions, it was unreasonable to terminate her group policy based the loss ratio sustained by defendants. However, provided that the decision to terminate is not based "solely on the grounds of the deterioration of the health of the Insured [Buell]," the policy allows for termination or for any reason whatsoever. Buell attempts to amend this termination provision to allow for termination only when the insurer is losing a sufficient amount of money, with the sufficiency being determined, in part, by plaintiff's experts. The implied covenant of good faith and fair dealing does not reach so far.

Rather, "absent statutory enactment, there is no duty imposed upon insurers to renew their policies." *Armstrong v. Safeco Ins. Co.*, 111 Wash.2d 784, 765 P.2d 276, 278 (1988); *see* 18 George J. Couch, *Cyclopedia of Insurance Law* § 68.12 (2d rev.ed. 1983). Buell asserts no Colorado statutory duty requiring renewal under the circumstances here. Hence, she may not defeat her insurer's contractual right to terminate by asserting that the reason for the termination is unreasonable. *See Gautreau v. Southern Farm Bureau Cas. Ins. Co.*, 429 So.2d 866 (La.1983), *rev'g*, 410 So.2d 815 (La.App.1982); *Coira v. Florida Medical Ass'n, Inc.*, 429 So.2d 23 (Fla.App. 1983); *cf. Gilmore v. Ute City Mortgage Co.*, 660 F.Supp. 437, 440 (D.Colo.1986) ("I cannot rewrite an unambiguous termination clause so as to impose an extrinsic condition upon its exercise"). Accordingly, Buell's first theory fails as a matter of law.

Buell's second theory is that the reason given to her why the policy was terminated was not truthful. I note that Buell is not seeking damages for injuries incurred in reliance on the alleged misrepresentation. Instead, she seeks damages resulting from the termination itself.

Assuming that this is a valid theory, Buell's tendered evidence is insufficient to support relief from judgment. Buell's theory is based on Security General's statement to her that "[t]he decision to nonrenew was not based on the individual claims of any one person such as yourself, but rather it was based on the claims experience of certificates similar to yours." Accordingly, to sustain relief from the grant of summary judgment, Buell would have to come forward with sufficient evidence from which a jury could conclude that the decision to terminate was not based on the claims experience of group policyholders. Buell fails to meet this burden.

Indeed, the evidence is uncontroverted that the decision to terminate was based on collective claims experience of group policyholders. Buell contends that there is a factual dispute as to how poor the claims experience actually was. This dispute is immaterial because the evidence remains uncontroverted that, whether deemed "poor" or merely "not good enough," the *claims experience* of the entire group of insureds formed the basis of the decision to terminate the group policy. Accordingly, Buell's second theory also fails as a matter of law.

Buell has also submitted exhibits relating to issues other than defendants' loss ratio. Because these exhibits should have been submitted before my ruling on the cross motions for summary judgment, I will not consider them now.

Accordingly, it is ORDERED that Buell's motion to reconsider is DENIED.