**Patricia L. BUELL, Plaintiff,**

v.

**SECURITY GENERAL LIFE INSURANCE COMPANY, an Oklahoma corporation, American Life and Casualty Company, an Iowa corporation, American Marketing Services, Inc., an Arizona corporation, formerly known as and doing business as Benecenter of Colorado, Inc., a Colorado corporation, and Benecenter of Colorado, Inc., Defendants.**

**Civ. A. No. 91–B–868.**

United States District Court,
D. Colorado.

Feb. 24, 1992.

John A. Cimino, John A. Cimino, P.C., Denver, Colo., for plaintiff.

Michael A. Williams, Steven D. Plissey, Williams, Youle & Koenigs, P.C., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

### I. INTRODUCTION

On December 6, 1991, I granted plaintiff Patricia L. Buell (Buell)'s motion for summary judgment on her declaratory judgment claim and granted defendants' motions for summary judgment on Buell's damage claims. Final judgment was entered accordingly. On December 6, 1991 Buell filed a motion to reconsider. Before me now are Buell's December 16, 1991

motions to accept her motion to reconsider as one to alter or amend the judgment under Fed.R.Civ.P. 59(e), and to review taxation of costs under Fed.R.Civ.P. 54(d). I will treat her motion to reconsider as a motion to alter or amend the judgment under Rule 59(e), but I decline to alter or amend the judgment. Also, I deny her motion to review taxation of costs. Jurisdiction exists over this diversity case under 28 U.S.C. § 1332 (1988).

## II. MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59(e)

■ Because Buell's motion to reconsider was filed within ten days after the judgment, I accept it as one to alter or amend the judgment under Fed.R.Civ.P. 59(e). *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703 (10th Cir.1988). Both parties previously filed notices of appeal. Although a notice of appeal generally divests a district court of jurisdiction over a case, jurisdiction still exists here because a notice of appeal filed before disposition of a motion to alter or amend the judgment has no effect. *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 (10th Cir.1991); Fed.R.App.P. 4(a)(4).

Since 1984 Buell held a certificate of insurance in a group health insurance policy offered by defendants. In 1985 Security General Life Insurance Company (Security General) purchased the rights and insurance liability risks represented by this policy. Consequently, it is the only defendant liable on Buell's claim and, thus, the only defendant responding to this motion.

In 1986 Buell developed lung cancer. In May, 1990 Security General informed Buell that it would not renew her certificate of insurance as of June 19, 1990 because of poor claims experience with the group insurance policy. Buell then sued defendants for declaration of continued coverage under her certificate and, *inter alia*, breach of covenant of good faith and fair dealing.

In response to Security General's summary judgment motion, Buell protested that discovery was not yet complete. Ac-

cordingly, by an order dated November 13, 1991, I gave the parties through December 2, 1991 to file additional summary judgment materials. By November 26, 1991, Buell received certain "loss ratio" information from defendants disclosing the losses sustained by them on the group insurance policy from 1984 through 1990. However, Buell now argues that this information was not included in her summary judgment response because Security General's delay in providing her with this information delayed her expert's analysis of this information until December 4, 1991.

On December 6, 1991 I granted summary judgment for Buell on her declaratory judgment claim, holding that Security General is liable for Buell's expenses incurred after expiration of the policy, because the insurance policy was an "injury" policy. *Buell v. Security General Life Ins. Co.*, 779 F.Supp. 1573 (D.Colo.1991). I also granted summary judgment for Security General on Buell's damage claims because it continued to provide her with the benefits of the insurance policy, although it disputed that it was liable to pay for expenses incurred after the policy expired. *Id.*

In her motion to alter or amend the judgment, Buell submits the loss ratio evidence, claiming that it proves that Security General was not losing money on this policy. Security General maintained that it refused to renew the group policy because of large loss ratios. Thus, Buell contends that this loss ratio evidence creates a genuine issue as to Security General's reasonableness in refusing to renew her insurance. Because of this fact dispute, she maintains that summary judgment should not have been entered on her claim for breach of covenant of good faith and fair dealing.

■ Under Rule 59(e), a judgment can be altered or amended to correct manifest errors of fact or law, or accept newly discovered evidence. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). Rule 59(e) motions, however, are directed at reconsideration, not initial consideration. *Building & Const. Trades Dept. v. Rockwell International*, 758 F.Supp. 1428, 1429 (D.Colo.

**1536**

1991). A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented during the summary judgment process. *Id.; Evans v. County Commissioners of Boulder County,* 752 F.Supp. 973, 978 (D.Colo.1990).

■ There is considerable confusion among the circuits concerning the standards that guide a district court's exercise of discretion in determining whether to reopen a case based on a Rule 59(e) motion advancing new evidence. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 172 (5th Cir.1990). The Tenth Circuit has not spoken on this subject. Some courts hold that a district court has no discretion to consider additional evidence after final judgment, unless the evidence is newly discovered, under Fed. R.Civ.P. 60(b) standards. *Boryan v. United States,* 884 F.2d 767, 771 (4th Cir.1989). *See also Lavespere,* 910 F.2d at 172 n. 3. Others hold that the materials can be considered if the failure to submit the evidence timely was "excusable neglect". *See Lavespere,* 910 F.2d at 172 n. 4. Still others rule that the omitted evidence will be considered if there is some plausible explanation for its earlier absence, or if accepting the evidence will not unduly prejudice the other party. *See Lavespere,* 910 F.2d at 172–173 nn. 5–6. *Lavespere* rejected these approaches and held that a court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before responding to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *Lavespere,* 910 F.2d at 174.

I apply the *Lavespere* approach because it strikes a proper balance between the need to conclude litigation and the need to render just decisions on the basis of all the facts. Under this analysis, however, this case will not be reopened to consider Buell's "new evidence".

■ First, the evidence is not "new". Buell's excuse that she did not receive the loss ratio information from Security General until November 26, 1991 does not justify its absence from her summary judgment response. She had this evidence before the summary judgment briefing schedule ended. In a December 11, 1991 order, I held that it was inexcusable neglect to wait until after I ruled on the summary judgment motions to submit this evidence. *Buell v. Security General Life Insurance Co.,* 779 F.Supp. 1579 (D.Colo.1991). At a minimum, she could have sought Rule 56(f) relief to obtain a reasonable extension of time to prepare and submit her expert report. Second, as explained below, this evidence is not material to Buell's bad faith claim. Finally, although Security General would not suffer unfair prejudice if this case is reopened, this factor alone is insufficient to reopen the case and consider this evidence. The immateriality of this evidence, combined with Buell's failure to explain sufficiently her reason for omitting it, warrants denial of her Rule 59(e) motion. Consequently, I will not consider this evidence.

■ Even if considered, however, this new evidence is immaterial. An insurer does not have to renew a policy unless obligated by statute or contract to do so. *Armstrong v. Safeco Ins. Co.,* 111 Wash.2d 784, 790, 765 P.2d 276, 279 (1988). *See also* 18 George J. Couch, *Cyclopedia of Insurance Law* § 68.12 (2d rev. ed. 1983). Buell asserts no contractual or statutory duty requiring renewal under the circumstances of this case. Hence, because Security General had no duty to renew the group policy, evidence tending to show that Security General was unreasonable in refusing to renew it is meaningless and, thus, immaterial under Rule 56. *See Gautreau v. Southern Farm Bureau Cas. Ins. Co.,* 429 So.2d 866 (La.1983); *Coira v. Florida Medical Ass'n, Inc.,* 429 So.2d 23 (Fla.App. 1983). Therefore, I will not alter or amend the judgment based on this immaterial evidence.

Buell also contends that I should alter or amend the judgment because I decided this case without the benefit of *Martin v. Principal Casualty Insurance Co.,* 15 Brief Times Reporter 1697 (Colo.App.1991).

Buell contends that *Martin* rejects the notion that a bad faith claim is limited to denials of insurance coverage. *Martin*, 15 Brief Times Reporter at 1699. Rather, Buell argues that actionable bad faith can occur at any time during the course of conduct between the parties. *Martin*, 15 Brief Times Reporter at 1699.

In her summary judgment response, Buell specified four theories supporting her bad faith claim: (1) insufficient notice of termination of her insurance; (2) termination of her certificate because of her deteriorating health; (3) being singled out when her certificate was terminated; and (4) requiring her to fill out a claim form every three months. I concluded that these theories were insufficient as a matter of law to support her bad faith claim. Specifically, in rejecting her fourth theory, I stated that I am aware of no Colorado court holding an insurer liable for the tort of bad faith where it required an insured to fill out a claim form every three months.

Arguably, *Martin* subjects this conduct to bad faith scrutiny because bad faith can arise at any time during the course of conduct between the parties. *See Martin*, 15 Brief Times Reporter at 1699. *Martin* is inconsequential here, however, because I also concluded that no reasonable jury could find that Security General's conduct was unreasonable. If anything *Martin* reinforces this conclusion because it recognizes that:

> To recover for bad faith breach of an insurance contract, one must prove that the insurer's conduct, viewed objectively in light of standards of conduct in the industry, was unreasonable and that the insurer either knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable. (citation omitted).

*Martin*, 15 Brief Times Reporter at 1699.

Thus, the four theories advanced by Buell to support her bad faith claim are insufficient as a matter of law because no reasonable jury could conclude that, viewed objectively in light of the industry's standards of conduct, Security General acted unreasonably here. Accordingly, Buell's motion to alter or amend the judgment is denied.

## III. MOTION TO REVIEW TAXATION OF COSTS UNDER RULE 54(d)

On December 20, 1991, the chief deputy clerk of this court taxed costs against Security General pursuant to Fed.R.Civ.P. 54(d). In her timely motion to review this taxation of costs, Buell contends that she is entitled to attorney and expert witness fees. Earlier, Buell had moved to amend the judgment, seeking attorney fees, arguing that equity and Colorado's Declaratory Judgment Act require an award of attorney fees. I denied this motion. *Buell v. Security General Life Insurance Co.*, No. 91–B–868 (D.Colo. January 9, 1992). Thus, I will not reexamine these same arguments repeated here.

■ Relying on *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967) and *Agee v. Trustees of Pension Board*, 33 Colo.App. 268, 518 P.2d 301 (1974), Buell now contends that the common fund doctrine supports an award of expert witness and attorney fees. Under this doctrine attorney fees are awarded to a prevailing party out of an identifiable, common fund so that similarly situated parties who are not formal parties to the action share the costs of a litigation from which they will benefit because of the case's *stare decisis* effect. *See Sprague v. Ticonic National Bank*, 307 U.S. 161, 166, 59 S.Ct. 777, 779, 83 L.Ed. 1184, 1187 (1939). This case involves neither a common fund nor demonstrably similarly situated parties who will benefit from the *stare decisis* effect of this decision. Hence, I decline to award expert witness and attorney fees under the common fund doctrine.

Finally, I decline to award expert witness and attorney fees as a sanction against Security General.

Accordingly, it is ORDERED that Buell's motion to accept her motion to reconsider as one to alter or amend the judgment under Rule 59(e) is GRANTED, but her

motion to alter or amend the judgment is DENIED. Also, her motion to review taxation of costs is DENIED.