552 P.2d 36 (1976)
Thelma LOESEKAN, Plaintiff-Appellant and Cross-Appellee,
v.
BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.
No. 75-440.
Colorado Court of Appeals, Div. II.
April 15, 1976.
Rehearing Denied May 13, 1976.
Certiorari Denied July 12, 1976.
Fischer & Wilmarth, Elery Wilmarth, G. William Beardslee, Fort Collins, for plaintiff-appellant and cross-appellee.
Anderson, Dressel & Woodard, Samuel L. Anderson, Fort Collins, for defendant-appellee and cross-appellant.
Selected for Official Publication.
*37 ENOCH, Judge.
Thelma Loesekan, plaintiff, initiated this action to recover additional disability payments allegedly due under a contract of insurance issued by defendant Benefit Trust Life Insurance Company. Plaintiff appeals from a judgment denying her claim and defendant cross-appeals from the amended judgment which ordered the parties to bear their own costs. We reverse both judgments.
The facts relevant to this appeal are undisputed. The health and accident insurance policy in question was issued in 1969. Plaintiff regularly paid the monthly premiums until May 28, 1971, when she was injured in an automobile accident and became totally disabled. Defendant paid to plaintiff total disability payments monthly from May 28, 1971, to July 23, 1973. Defendant made no payments after that period. Though there was some dispute at trial as to plaintiff's physical condition subsequent to July 23, 1973, the jury, in a special verdict not challenged on appeal, determined that plaintiff was partially disabled from July 23, 1973, to December 13, 1973, that plaintiff again became totally disabled on December 13, 1973, and remained so at the time of the trial, and that the partial disability and the second period of total disability were a result of the original accident of May 28, 1971.
The policy contained a waiver of premium clause which waived the requirement of premium payment during periods of total disability. Plaintiff paid no premiums after the date of the accident. Defendant contends that though the policy remained in effect until July 23, 1973, because of the premium waiver clause, the policy lapsed thereafter since plaintiff paid no premiums during the period of partial disability. Thus, defendant contends and the trial court so ruled as a matter of law that, because the policy lapsed, defendant was not liable for partial disability payments from July 23, 1973, to December 12, 1973, or for total disability payments after December 13, 1973. Defendant did not raise in the trial court and does not argue on appeal any basis for denying liability to plaintiff other than the lapse of the policy.
Since the premium waiver clause specifically limits that provision to periods of total disability, we agree with the finding that the policy did lapse for failure to pay premiums during the period of partial disability. However, this fact does not terminate defendant's liability under the policy for the injury that occurred in 1971 when the policy was in force. See Simmons v. Western Indemnity Co., 210 S.W. 713 (Tex. Civ.App.). By definition, in the policy, "injury" is a bodily injury "which occurs while your coverage is in force." Furthermore, the policy provides that the "benefits apply to those periods of total and partial disability that begin while the policy is in force . . ." (emphasis added). The benefits of the insured and the liability of the insurer are fixed at the date of the occurrence of the compensable event and subsequent lapse of or termination of the policy does not change those benefits and liabilities. American Casualty Co. v. Horton, 152 S.W.2d 395 (Tex.Civ.App.); Commercial Casualty Insurance Co. v. Webb, 210 Md. 8, 121 A.2d 832. There is no provision in the policy requiring the continued payment of premiums to retain the benefits which accrued to the insured by virtue of a compensable disability, be it partial or total.
Contrary to defendant's argument, the purpose of the waiver of premium clause is two-fold: To provide continued coverage for the insured during the period of total disability for subsequent injuries or illnesses; and to keep the policy in force so that the insured can resume payment of premiums after the period of total disability. But again this is to assure coverage for subsequent events and is not a condition of continued benefits for a prior injury which occurred, as here, while the policy was in force.
Since the judgment must be reversed, the issue of costs will need to be *38 reconsidered by the court. There being no request for prejudgment interest, statutory interest shall be awarded by the trial court on the judgment as directed in the remand and mandate issued by this court. C.A.R. 37.
The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff on her claim, together with interest thereon, pursuant to statute, from April 29, 1976, being 14 days after the filing of the opinion of this court, and for an appropriate award of costs.
RULAND and STERNBERG, JJ., concur.