James Michael LISTER, Non compos mentis, Roy E. Lister, and Marilyn V. Lister, individually and as next friends and parents of James Michael Lister, Plaintiffs–Appellees,

v.

**AMERICAN UNITED LIFE INSURANCE COMPANY, Defendant–Appellant.**

No. 89CA1154.

Colorado Court of Appeals, Div. I.

Aug. 9, 1990.

The Law Firm of Melat & Pressman, Michael D. Cucullu, Colorado Springs, for plaintiffs-appellees.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Kathleen A. Carlson, Colorado Springs, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, American United Life Insurance Company, appeals from the partial summary judgment entered in favor of plaintiffs, James Michael Lister, Roy E. Lister, and Marilyn V. Lister. We reverse and remand.

The following material facts are undisputed. On August 10, 1986, James Lister sustained severe and disabling brain injuries in an automobile accident. On that date, James' mother, Marilyn, was insured under a group policy issued by defendant. The policy, which extended coverage to Marilyn's employer for her benefit and for the benefit of her dependent son, James, provided for major medical benefits and had a maximum lifetime benefit of $1 million.

On April 1, 1987, Marilyn's employer terminated the group policy under which James was insured. Plaintiffs subsequently filed a complaint seeking, *inter alia,* a declaratory judgment that defendant was obligated to pay major medical lifetime benefits up to $1 million and for associated damages. After the trial court granted plaintiffs' motion for partial summary judgment and ordered that plaintiffs were entitled to maximum lifetime benefits of $1 million, defendant instituted this appeal.

Defendant contends that the group policy provided for termination of benefits three months from the date on which the employer terminated the policy. Under the language of this policy, we agree.

When an insurer seeks to restrict coverage, the limitation must be clearly expressed. In the absence of such a clear expression, and where the policy provisions are inconsistent or ambiguous, the contract of insurance must be construed in favor of coverage and against limitations. *Ryder Truck Rental, Inc. v. Guaranty National*

*Insurance Co.,* 770 P.2d 1380 (Colo.App. 1989). In ascertaining whether certain provisions of an insurance contract are ambiguous, the instrument's language must be examined and construed in harmony with the plain and generally accepted meaning of the words employed, and reference must be made to all the provisions of the agreement. *Kane v. Royal Insurance Co.,* 768 P.2d 678 (Colo.1989).

■ Under the terms of this policy, dependent insurance terminated on the date the policy itself terminated. The "Extended Benefit" provision of the group policy states that:

"[Defendant] will pay the benefits of this section for a Person or Dependent whose insurance terminates if on the date of termination the Person or Dependent is:
(a) totally disabled as a result of accidental bodily injury or sickness; and
(b) under the care of a physician    .

. . . .

"If the person's insurance terminates because of termination of the group policy ... benefits will be extended to the earliest of the following:
(a) the date total disability ends; or
(b) the date coverage begins under any other group policy; or
(c) the date marking 3 months from the policy termination date...."

We cannot read only the first portion of the quoted language in isolation since we must refer to all the provisions of the agreement. And, we will not force an ambiguity in the policy in order to resolve it against the insurer. *Kane v. Royal Insurance Co., supra.*

In our view, the contract unambiguously expresses that, if the group policy is terminated under the circumstances at issue here, then benefits will only continue for, at most, three months. We do not perceive this as conflicting with the previous portion of the provision. To us, the contract unambiguously allows the recovery of benefits for pre-termination disabilities for up to three months following the termination date.

The introductory paragraph of the major medical benefits section of the policy provided that defendant would pay such benefits "if a ... Dependent receives medically necessary care, services or supplies ... *while insured* under this section of the policy." (emphasis added) Thus, defendant will not pay such benefits when the dependent is no longer insured for major medical benefits.

Our interpretation is further supported by the provision in the major medical benefits section which states that: "An Eligible Expense is considered incurred on the date the medical care, services or supplies *are provided.*" (emphasis added) That is, notwithstanding the policy's terms stating that a person and dependent are insured for group "accident and sickness" benefits, the benefits payable are defined in terms of medical or hospital services provided, rather than in terms of a loss resulting from injury sustained by the insured. *Jefferson v. State Farm Insurance Companies,* 380 Pa.Super. 167, 551 A.2d 283 (1988); *Wulffenstein v. Deseret Mutual Benefit Ass'n,* 611 P.2d 360 (Utah 1980).

Our view is in accord with other jurisdictions which have ruled upon similar issues and have held that if a group policy provides insurance for medical and hospital-related expenses, as such expenses are incurred, the insured is not entitled to post-termination benefits beyond the terms providing for extended coverage. *See Sonneman v. Blue Cross,* 403 N.W.2d 701 (Minn. App.1987); *Guardian Life Insurance Co. v. Zerance,* 505 Pa. 345, 479 A.2d 949 (1984); *Northwestern National Life Insurance Co. v. Glenn,* 568 S.W.2d 693 (Tex.Civ.App.1978); *Wulffenstein v. Deseret Mutual Benefit Ass'n, supra.*

Much of plaintiffs' argument centers upon this three-month limitation provision being located within the "Extended Benefit" portion of the major medical benefits section, rather than the "limitations" sections of the policy. We find this argument to be without merit.

The "Extended Benefit" provision precisely defines what benefits, if any, would extend beyond termination of the group

policy. *See Sonneman v. Blue Cross, supra* (eighteen month limitation located in "Extended Coverage" section was clear and unambiguous); *Jefferson v. State Farm Insurance Companies, supra* (caption of "Termination Without Claim Prejudice" that limited benefits for pre-termination injuries was not ambiguous or misleading); *contra Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Houghton v. American Guaranty Life Insurance Co.*, 692 F.2d 289 (3rd Cir.1982).

The provision here is not vague, and when read in conjunction with the caption, the plain meaning of both is clear. *Jefferson v. State Farm Insurance Companies, supra.* Therefore, we conclude that the partial summary judgment cannot stand.

In view of our resolution, we do not address the remaining contentions.

The partial summary judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and HUME, JJ., concur.