**AMERICAN MOTORISTS INSURANCE CO., Plaintiff,**

v.

**GENERAL HOST CORPORATION and American Salt Co., Inc., Defendants.**

Civ. A. No. 84–1802.

United States District Court, D. Kansas.

Feb. 16, 1988.

Timothy C. Russell, Thomas S. Schaufelberger, Drinker, Biddle & Reath, Washington, D.C., M. Kathryn Webb, Morrison, Hecker, Curtis, Kuder & Parrish, Wichita, Kan., for plaintiff.

Thomas D. Kitch, Ron Campbell, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for defendants.

## OPINION AND ORDER

THEIS, District Judge.

This matter is presently before the court on the defendants' motion to vacate judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Rule 59 motion).

Also pending are plaintiff's motion for a protective order and defendants' motion to compel. Briefing has now been completed and the court is prepared to rule on all three motions.

This present action arose out of two other actions pending before this court, *Miller et al. v. Cudahy Co. and General Host Corp.*, Civil Action 77–1212 (the *Miller* action) and *Brothers et al. v. American Salt Co. and General Host Corp.*, Civil Action No. 84–1637 (the *Brothers* action). The *Miller* and *Brothers* actions were brought by a number of landowners against the present defendants, alleging damage to their land caused by pollution from defendants' salt plant.

Plaintiff American Motorists Insurance Co. (AMICO) filed this action seeking a declaration of rights and duties under several liability insurance policies it had issued to the defendants. AMICO sought a declaration that it had no duties under the policies either to defend the *Miller* and *Brothers* actions or to pay any damages arising from those actions. Defendants filed four counterclaims on February 25, 1985, seeking a declaration that the insurance policies were valid and enforceable, specific performance, and damages. Dk. No. 11.

The court granted summary judgment for AMICO on July 28, 1987, holding that there was no "occurrence" as defined by the policies and, in the alternative, that the pollution exclusion barred coverage. The court concluded that AMICO had no obligations under the policies to defend the *Miller* and *Brothers* actions or to pay any damages awarded in those actions. *See American Motorists Ins. Co. v. General Host Corp.*, 667 F.Supp. 1423 (D.Kan.1987). Judgment was entered in favor of plaintiff on July 29, 1987. Dk. No. 66.

In the July 28, 1987 opinion, the court inadvertently failed to dismiss the defendants' counterclaims. The court did note that defendants' counterclaims were mooted by the granting of summary judgment for plaintiff. *See* 667 F.Supp. at 1431. No judgment was entered dismissing the defendants' counterclaims. This oversight by

the court has resulted in the present three motions.

By means of an ex parte telephone call, defense counsel informed the court that judgment had never been entered on defendants' four counterclaims. The court therefore entered an order on September 9, 1987, denying all relief on defendants' counterclaims. Dk. No. 70. It appears that the Clerk has not entered judgment on the September 9 order, leading the defendants to assert that there still has been no final judgment.

Within ten days of the entry of the September 9 order, defendants filed the present Rule 59 motion. Defendants request the court to vacate the July 28, 1987 opinion and order and the July 29 judgment, as modified by the September 9, 1987 order. Dk. No. 71. The matter has been extensively briefed.

After AMICO filed its response to defendants' Rule 59 motion, defendants served a notice to take the deposition of Gary H. Shapiro, Assistant General Counsel for Insurance Services Office, Inc., (ISO) in New York City. Dk. No. 77. Neither Shapiro nor ISO are parties to the present case. AMICO responded with a motion for protective order, seeking to prevent defendants from taking the deposition of Shapiro. Dk. No. 79. On December 3, defendants filed a motion to compel the deposition of Shapiro. Dk. No. 86. The court has allowed ISO to file an amicus brief in response to defendants' motion to compel. Dk. No. 92.

## I. DEFENDANTS' RULE 59 MOTION

The court now turns to defendants' Rule 59 motion. For several alternative reasons, the motion must be denied.

### A. Timeliness

Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Rule 59(e) also permits a motion to vacate the judgment. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2817 (1973).

■ Rule 6(b) prohibits the district court from enlarging the ten day period for filing Rule 59 motions:

When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules ... 59(b), (d) and (e)* ... except to the extent and under the conditions stated in them.

Fed.R.Civ.P. 6(b) (emphasis added). The ten day period for filing Rule 59 motions is jurisdictional and cannot be waived. *See, e.g., Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 41 (6th Cir.1984); *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 827 (7th Cir.1984); *Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980); *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980). *See generally* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1167 (1987).

■ Judgment was entered in favor of plaintiff on July 29, 1987. Defendants did not file a motion to vacate that judgment within ten days of its entry, as required by Rule 59(e). The motion filed in September is therefore untimely as it relates to the July 28 opinion and the July 29 judgment. The court will therefore deny the motion to vacate the July 28 opinion and the July 29 judgment as untimely.

■ Defendants' motion is timely only as it relates to the September 9, 1987 dismissal of counterclaims. Defendants did file their Rule 59 motion within ten days of the entry of the September 9 order. If defendants are actually seeking reconsideration of the dismissal of the counterclaims, the court would be willing to address the issue.

Defendants allege that their motion to vacate is directed to the July 28 opinion and order and July 29 judgment as modified by the September 9 order. However, the September 9 order does not modify the merits of the July 28 opinion and order. The September 9 order merely dismissed the counterclaims. After stating that the motion is directed at the September 9 order, the defendants' Rule 59 motion and brief do not address the September 9 order further. The motion is directed exclusively at rearguing the merits of the July 28 opinion and order. Defendants have given no reasons why the court's September 9 order dismissing the counterclaims should be vacated. The court will therefore deny the motion.

## B. Newly Discovered Evidence

To support their motion to vacate the judgment, defendants assert that they have discovered new evidence. Defendants allege that ISO, as AMICO's agent, made certain representations regarding the pollution exclusion clause which conflict with AMICO's representations in its motion for summary judgment. Defendants now wish to depose Shapiro of ISO apparently to uncover this newly discovered evidence.

■ The appropriate standard for this Rule 59(e) motion is the standard which governs newly discovered evidence in the context of new trial motions (Fed.R.Civ.P. 59(a)) and motions for relief from judgment (Fed.R.Civ.P. 60(b)(2)). Motions for new trial and for relief from judgment on the basis of newly discovered evidence are judged by the same standard. First, the evidence must have existed at the time of trial, but not have been known to the movant. Second, the evidence could not have been discovered by the exercise of due diligence in time to present it during the original proceeding. Third, the evidence must be such that it would probably have produced a different outcome had it been presented initially. *See Miller v. Cudahy Co.*, 656 F.Supp. 316, 326 (D.Kan.1987).

■ It is undisputed that the evidence defendants seek was in existence at the time of plaintiff's summary judgment mo-

tion. The court must deny the Rule 59 motion, however, because defendants did not use due diligence in discovering this evidence and the evidence would not have changed the court's prior decision.

### 1. Due Diligence

Defendants' present motions and memoranda demonstrate defendants' lack of diligence. Defendants state that they have conducted no discovery. Plaintiff has conducted the only discovery in this case. Defendants made no efforts to conduct any discovery in this case. Initially, they sat idle, waiting for the court to grant their motion to stay the case. The court denied defendants' motion for a stay on December 17, 1985. The defendants again sat idle during the entire year of 1986. Only after plaintiff filed its motion for summary judgment in January of 1987 did defendants assert that discovery was needed.

The defendants have offered no excuses for their apparent lack of effort, other than stating that they were busy with the *Miller* and *Brothers* actions. The court does not doubt that they were busy with those two cases. There was activity in both cases throughout 1986. However, defendants' involvement in those cases does not excuse their total lack of effort in defending this case. If defendants prevail in the *Miller* and *Brothers* actions, the issue of AMICO's duty to pay damages would be moot. However, defendants could potentially have had a claim for the costs of defending the *Miller* and *Brothers* actions, based on AMICO's duty to defend. Had defendants been diligent, they would have actively participated in the present case and conducted discovery in order to establish AMICO's duty to defend.

Defendants assert that ISO, allegedly AMICO's agent, made submissions to various insurance regulatory agencies regarding the meaning of the pollution exclusion. Defendants now wish to conduct discovery and present evidence on these ISO submissions. Defendants state that they did not discover this ISO evidence in time to present it in response to plaintiff's motion for summary judgment. The court accepts

this assertion as true. However, defendants have not persuaded the court that the evidence they are now trying to present *could not* have been discovered earlier.

Defendants could have conducted some discovery of AMICO during the course of this case. Defendants could have discovered ISO's existence and could have asked AMICO whether an agency relationship existed between AMICO and ISO. If ISO was not AMICO's agent, the subject matter of ISO's submissions is irrelevant. If ISO was AMICO's agent during the relevant time period, defendants could have obtained ISO's submissions from AMICO. Since defendants chose to conduct no discovery of AMICO, the court must conclude that they were not diligent. Had they conducted some discovery, they could have discovered this evidence much sooner.

### 2. Outcome Altering Effect

■ Although not necessary to the resolution of defendants' motion, the court further determines that, even if defendants had exercised due diligence, defendants' Rule 59 motion would be denied. The new evidence which defendants seek to produce would not alter the judgment in this case. Defendants' motion addresses only one of two alternative grounds for the court's opinion granting summary judgment in favor of plaintiff. Further, the evidence that defendants hope to produce supports the court's decision.

The court's grant of summary judgment was based on two alternative holdings: (1) there was no "occurrence" within the meaning of the policy and (2) the pollution exclusion barred coverage. *See American Motorists Ins. Co. v. General Host Corp.,* 667 F.Supp. 1423, 1427–32 (D.Kan.1987). Regardless of the meaning of the pollution exclusion, the court still concludes that there was no "occurrence." Therefore, AMICO had no duty to defend or pay damages in the *Miller* and *Brothers* actions.

Defendants claim to have uncovered an interpretation of the pollution exclusion that differs from the interpretation the court followed. The defendants argue that the pollution exclusion merely restates or clarifies the definition of "occurrence" contained in the policies. The insurance policies provided coverage for an "occurrence," defined as:

> with respect to bodily injury and property damage, an accident or a happening or event or a continuous or repeated exposure to conditions which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

The pollution exclusion provides:

> This policy does not apply: ... (k) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acid, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon open land, the atmosphere or any watercourse or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental....

*See American Motorists Ins. Co. v. General Host Corp.,* 667 F.Supp. at 1426.

Defendants contend that the ISO submissions accompanying their Rule 59 motion support their view that the pollution exclusion is merely a restatement or clarification of the subjective definition of occurrence. The ISO submissions regarding the pollution exclusion provide, in part:

> Coverage for pollution or contamination is not provided in most cases under present policies because the damages can be said to be expected or intended and thus are excluded by the definition of occurrence. The above exclusion clarifies this situation *so as to avoid any question of intent.*

*See* Defendants' Motion to Vacate the Judgment, Dk. No. 71, Exhibits B, C, D (emphasis added).

The pollution exclusion focuses on objective factors (sudden and accidental), while the definition of occurrence is subjective (expected or intended from the insured's viewpoint). The ISO submissions quoted above support the court's previous interpretation that the pollution exclusion has an independent, objective meaning and is

not simply a restatement of the subjective definition of occurrence.

Defendants are challenging only the court's interpretation of the pollution exclusion. The interpretation of the pollution exclusion does not effect the court's determination that there was no occurrence as defined by the policies. The ISO evidence submitted by defendants actually supports the court's decision. As stated in the ISO documents, often no coverage existed for pollution because the damages were expected or intended by the insured. Thus, the definition of occurrence excluded coverage. This is precisely what this court held in granting summary judgment for AMICO. *See* 667 F.Supp. at 1430–31.

## II. DISCOVERY MOTIONS

### A. *Defendants' Motion to Compel*

■ On December 3, 1987, defendants filed a motion to compel ISO, by Gary Shapiro, to appear for a deposition and produce documents. This motion was in response to ISO's failure to comply with a subpoena issued by the United States District Court for the Southern District of New York. The deposition was to be taken in New York, New York. The court must deny this motion, since it was filed in the wrong court.

Rule 37(a) of the Federal Rules of Civil Procedure provides in pertinent part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

... An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. *An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.*

Fed.R.Civ.P. 37(a)(1) (emphasis added). Since ISO is not a party to this case, defendants were required to file their motion to compel in the Southern District of New York. Since the motion is not properly before this court, it will be denied.

### B. *Plaintiff's Motion for Protective Order*

■ On November 12, 1987, AMICO filed a motion for protective order, seeking to prevent defendants from deposing Gary Shapiro of ISO. Defendants have responded that AMICO has not met its burden under Rule 26(c). That rule provides in part:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; ...

Fed.R.Civ.P. 26(c)(1). Considering the court's resolution of the Rule 59 motion, the present case has been terminated. Discovery is no longer needed. The court will grant plaintiff's motion to protect ISO from the annoyance of responding to a discovery request in a case that is now closed.

Defendants' memorandum in support of their motion to compel and in opposition to plaintiff's motion for protective order illustrates why a protective order should be granted. Defendants state at one point that "Amico, however, has misled defendants and this Court by espousing a different interpretation [of the pollution exclusion] and now seeks to preclude defendants from uncovering and establishing the interpretation that the insurer has placed on this language, which is binding on Amico." Dk. No. 87, p. 18. Defendants apparently desire to go on a fishing expedition to try and uncover any information which may support their theory. The information defendants seek may not even exist. The court will not allow defendants to subject ISO, a nonparty, to the annoyance, burden, and expense of producing the requested documents.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to vacate the judgment is hereby denied.

IT IS FURTHER ORDERED that defendants' motion to compel is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for a protective order is hereby granted. Defendants are ordered not to proceed with the deposition of Gary H. Shapiro.

IT IS FURTHER ORDERED that the Clerk enter judgment denying all relief on defendants' counterclaims, pursuant to the court's order of September 9, 1987, Dk. No. 70. Costs are to be assessed against defendants.