**Douglas Allan WOLFGANG, Individually, and Douglas Allan Wolfgang for the benefit of Jerrilyn Ann Wolfgang, Plaintiff,**

v.

**MID–AMERICAN MOTORSPORTS, INC., et al., Defendants.**

**Civil Action No. 94–2135–GTV.**

United States District Court, D. Kansas.

Jan. 5, 1996.

Victor A. Bergman, Shamberg, Johnson & Bergman, Overland Park, KS, for Douglas Allan Wolfgang.

J. Michael Grier, James M. Warden, Michael Kuckelman, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Mid–America Motorsports, Inc., R.E.D. Racing Inc., Bob Reid, Clyde Ellis, Jim Davis, John A. Renfro, Jr., Ted C. Johnson, Stacy J. Johnson, World of Outlaws Inc., Loyal Smeltzer, Jr. (Butch), Robert Ensley, Dorsey (Lee) Simpson.

John J. Jurcyk Jr., Jeanne Gorman Rau, Daniel F. Church, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for KSE Racing Products, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

The case is before the court on the following motions:

(1) Defendants' motion for new trial (Doc. 263) pursuant to Fed.R.Civ.P. 59(a);

(2) Defendants' motion to amend the judgment (Doc. 264) pursuant to Fed.R.Civ.P. 59(e);

(3) Defendants' notice of partial satisfaction of judgment (Doc. 267);

(4) Plaintiff's motion for reconsideration of order to stay execution (Doc. 278); and

(5) Plaintiff's motion for reconsideration of order to stay execution, and for determination of the insufficiency of defendants' bonds (Doc. 284).

The court has reviewed the parties' briefing on the above motions and is now prepared to rule. For the reasons set forth below, the court rules as follows: (1) defendants' motion for new trial (Doc. 263) is denied; (2) defendants' motion to amend the judgment (Doc. 264) is granted in part and denied in part; (3) defendants' notice of partial satisfaction of judgment (Doc. 267) is granted; and (4 & 5) plaintiff's motions for reconsideration (Docs. 278 & 284) are granted in part and denied in part.

## I. BACKGROUND

Plaintiff brought this diversity jurisdiction action against defendants seeking damages for burn injuries he suffered in a 410 "sprint" automobile racing accident in an event sanctioned by the defendant World of Outlaws at Lakeside Speedway in Kansas City, Kansas

on April 3, 1992. The case was tried to a jury on plaintiff's claim that defendants were guilty of wanton conduct in their failure. to provide adequate fire safety and rescue operations.

The jury returned a verdict for plaintiff and awarded $1,215,000.00 in total damages. The damages were allocated on the verdict form as follows:

| | | |
|---|---|---|
| A. | Past Non–Economic Loss: | $150,000.00 |
| B. | Future Non–Economic Loss: | $100,000.00 |
| C. | Past Medical Expenses: | $250,000.00 |
| D. | Past Economic Loss: | $260,000.00 |
| E. | Future Economic Loss: | $390,000.00 |
| F. | Loss of Services: | $ 65,000.00 |

The jury allocated 60% of the fault to defendants Mid–America Motorsports, Inc. and R.E.D. Racing, Inc. and 40% of the fault to defendant World of Outlaws, Inc.

## II. MOTION FOR NEW TRIAL

■ Defendants seek a new trial based on their claim that there is newly discovered evidence. They assert that since the trial, plaintiff has participated as a driver in at least two racing events: on September 2, 1995, a 360 sprint car race at Lincoln, Nebraska, where plaintiff ·finished in eighth place and his car won $400; and on September 3, 1995, a 360 sprint car race at Des Moines, Iowa, where he finished in second place, and his car won $1,800.

Defendants contend that plaintiff's participation and success in these two races following the trial is "newly discovered" evidence showing that plaintiff is able to drive competitively and earn a living as a race car driver. Defendants contend that this evidence would have substantially impacted the damages plaintiff recovered for lost earnings.

■ "A motion for a new trial based upon alleged newly discovered evidence 'is not regarded with favor and should only be granted with great caution.'" *United States v. Muldrow,* 19 F.3d 1332, 1339 (10th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 175, 130 L.Ed.2d 110 (1994) (citation omitted). The decision whether to grant such a motion is committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Royal College Shop, Inc. v. Northern Ins. Co.,* 895 F.2d 670, 677 (10th Cir.1990).

■ The party seeking a new trial based upon newly discovered evidence must establish the following five elements:

(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence was material; and (5) that a new trial, with the newly discovered evidence, will probably produce a different result.

*Joseph v. Terminix Int'l Co.,* 17 F.3d 1282, 1285 (10th Cir.1994) (quoting *Graham v. Wyeth Labs.,* 906 F.2d 1399, 1416 (10th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990)) (alterations omitted). "[Newly discovered] evidence must have existed at the time of trial, but not have been known to the movant." *American Motorists Ins. Co. v. General Host Corp.,* 120 F.R.D. 129, 132 (D.Kan.1988); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2808 (1995).

Defendants' motion for new trial is denied because evidence that plaintiff participated successfully in two races following trial is not "newly discovered evidence." It is not evidence that was in existence at the time of trial. *American Motorists Ins. Co.,* 120 F.R.D. at 132.

## III. MOTION TO AMEND JUDGMENT

Defendants seek to alter or amend the judgment on two bases. First, defendants argue that the court should reduce the award of damages for noneconomic loss because it exceeds the statutory cap imposed by K.S.A.

§ 60–19a02. Second, defendants argue that the court should reduce the award for medical expenses incurred because of the insufficiency of the evidence presented at trial.

■ Under Rule 59(e), a judgment can be altered or amended to correct manifest errors of fact or law, or to consider newly discovered evidence. *Buell v. Security General Life Ins. Co.*, 784 F.Supp. 1533, 1535 (D.Colo.1992), *aff'd*, 987 F.2d 1467 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993) (citation omitted). "Rule 59(e) motions, however, are directed at reconsideration, not initial consideration." *Id.*

*A. Noneconomic Damages Cap*

■ In a diversity case, a federal court must ascertain and apply state law to reach the same result that would have been reached if the case had been brought in a state court. *Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638 (10th Cir.1991). In the present case, the court must apply Kansas substantive law because the tort took place in Kansas. *Deitchman v. Weiner*, 893 F.Supp. 1508, 1510 n. 2 (1995) (Kansas applies the traditional rule of lex loci delicti).

■ Under Kansas law, K.S.A. § 60–19a02 limits the noneconomic damages recoverable in a personal injury action to $250,000. Defendants argue that the jury award exceeds the cap because the jury awarded $150,000 for past non-economic loss, $100,000 for future non-economic loss, and $65,000 for loss of services. Defendants contend that the loss of services claim, also known as "loss of consortium," is at least in part composed of noneconomic loss subject to the statutory cap.

The statute does not contain a definition of the term "noneconomic loss." It is unclear whether the Kansas legislature intended for loss of consortium claims to be included within the statutory cap. It is necessary to explore whether Kansas courts consider loss of consortium claims to be economic or noneconomic in nature.

■ Loss of consortium claims are governed by K.S.A. § 23–205, which provides:

Where, through the wrong of another, a married person shall sustain personal injuries causing the loss or impairment of his or her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in such person, and any recovery therefor, so far as it is based upon the loss or impairment of his or her ability to perform services in the household and in the discharge of his or her domestic duties, shall be for the benefit of such person's spouse so far as he or she shall be entitled thereto.

In *Cleveland v. Wong*, 237 Kan. 410, 423, 701 P.2d 1301, 1312 (1985), the Kansas Supreme Court held that the terms "services" and "domestic duties" as used in K.S.A. § 23–205 include "not only the performance of acts of manual labor about the house—taking out the trash, making repairs, drying dishes, and the like—but the performance of matrimonial, conjugal and connubial acts and duties, including social obligations, affection, and sexual relations."

■ It appears from the discussion in *Cleveland* that Kansas recognizes that there are economic and noneconomic components to a loss of consortium claim. *Fenstermacher v. Telelect, Inc.*, 1992 WL 175114 (D.Kan. 1992). Defendants argue that the jury award did not break down the award of damages for this claim between economic and noneconomic. Defendants argue that the entire award should be excluded as being for non-economic loss exceeding the statutory cap.

The court instructed the jury on the loss of consortium claim in Jury Instruction No. 22 as follows:

In arriving at the amount of recovery, you will take into consideration the loss and impairment of plaintiff's ability to perform services in the household and as a husband in the discharge of his domestic duties.

Jury Instruction No. 22 was modified from the Kansas P.I.K. Civ.2d 9.02 (Supp.1994), which provides:

In arriving at the amount of recovery, you will take into consideration the loss and impairment of plaintiff's ability to perform services in the household and as a

husband in the discharge of his domestic duties, *and the loss or impairment of plaintiff's companionship, aid, assistance, comfort and society.*

Plaintiff argues that the court's omission of the underlined portion of P.I.K. 9.02 removed the reference to the noneconomic component of the loss of consortium claim. The court agrees.

P.I.K. 9.02 was crafted to reflect the Kansas Supreme Court's holding that the statutory terms "services" and "domestic duties" encompass both economic and noneconomic components. Thus P.I.K. 9.02 includes both labor/economic elements (i.e. services, domestic duties, aid, and assistance) and social/noneconomic elements (companionship, comfort, and society). *See* Michael L. Sexton, *Consortium and the "Cap",* J.K.T.L.A. Vol. XVI, No. 6 (1993). The court's modification of the P.I.K. instruction called for the jury to determine the amount of damages attributable to economic loss only. The court concludes that the $65,000 awarded to plaintiff for the loss of consortium claim is economic loss and not subject to the damages cap under K.S.A. § 60–19a02.

Defendants also argue that the jury award for loss of consortium should be set aside because plaintiff did not present sufficient evidence of its monetary value.

██ Kansas law does not require specific testimony regarding the monetary value of household duties. In *Wentling v. Medical Anesthesia Services,* 237 Kan. 503, 510, 701 P.2d 939, 945 (1985), the court stated that "[a]s with future economic or noneconomic losses in personal injury actions, the plaintiffs in wrongful death actions are not required to prove their losses with mathematical certainty." Evidence that a spouse performed certain household services was sufficient to support an award of damages for the loss of those services even in the absence of proof of their monetary value. *Id.* at 510–14, 701 P.2d 939. "[T]he triers of fact are presumed to be capable of converting the losses into monetary equivalents on the basis of their own experience." *Id.* at 514, 701 P.2d 939.

██ Defendants argue that specific testimony regarding the monetary value of loss of consortium is required by *Fenstermacher v. Telelect, Inc.,* 1992 WL 175114 (D.Kan.1992) (Judge O'Connor set aside loss of consortium claim because specific testimony was not presented as to the monetary value of household duties) and *Marley v. Chemical Waste Management, Inc.,* 1993 WL 390055 (D.Kan.1993) (Judge Kelly held that plaintiff was required to present specific evidence at trial regarding the monetary value of loss of services).

*Fenstermacher* and *Marley* are distinguishable from the present case. Judge O'Connor and Judge Kelly were faced with the question of whether the Kansas statutory cap on noneconomic damages would apply to a loss of consortium claim. They both concluded that because a loss of consortium claim is composed of economic and noneconomic loss, the cap would apply to one component, and the plaintiff needed to present specific evidence regarding the monetary value of the household services in order for the court to apply the cap only to the noneconomic portion of the award. In the present case, however, the jury instruction was tailored to produce an award of economic loss only. Accordingly, the court is not faced with a need to apportion the award between economic and noneconomic damages.

The court concludes that the evidence plaintiff presented at trial was sufficient to support the award of damages for loss of consortium. Plaintiff and his spouse testified regarding the services he was no longer able to perform due to the burn injuries he sustained in the crash. The jury was capable of exercising its collective judgment to determine the monetary value of these services. The court concludes that the jury's award of $65,000 was appropriate based upon the evidence presented at trial. Defendants' motion to amend the judgment is denied on this basis.

*B. Insufficiency of the Evidence*

██ Defendants contend that the evidence presented at trial does not support the jury's award of $250,000.00 for past medical expenses. Plaintiff's total medical expenses resulting from the April 3, 1992 accident

were $252,506.62. At trial, plaintiff's recovery was limited to his burn injuries. Because of the court's earlier rulings on summary judgment, recovery for head and neck injuries sustained in the accident was excluded.

Defendants assert that plaintiff failed to present sufficient evidence that $102,051.38 of the medical bills were reasonable and necessary. Dr. Baker, plaintiff's treating physician at University of Kansas Medical Center, testified at trial that of the $150,680.64 charged by the Medical Center, $2,732.02 of the charges were solely related to plaintiff's head and neck injuries and that $147,948.62 of the charges were reasonable and necessary expenses for treatment of plaintiff's burn injuries. Defendants argue that plaintiff's failure to present any further testimony regarding the reasonableness and necessity of the medical expenses in treating plaintiff's burn injuries renders the remaining medical expenses unsupported by the evidence. Defendants seek to have the award reduced by $102,051.38, which is the difference between the jury's award of $250,000.00 for medical expenses and the University of Kansas Medical Center charges of $147,948.62 that Dr. Baker testified were reasonable and necessary to treat plaintiff's burn injuries.

At trial, plaintiff offered two exhibits regarding his past medical expenses. Exhibit 259 was a collection of plaintiff's medical bills. Exhibit 259A was admitted by the court as a summary of the medical bills contained in Exhibit 259. When plaintiff offered Exhibit 259 at trial, he represented that it contained all of his medical bills resulting from the April 3, 1992 accident. After a careful examination of Exhibits 259 and 259A, the court concludes that the medical expenses award must be reduced in two respects. First, the court concludes that $6,246.83 of the medical expense are clearly related to treatment for plaintiff's head and neck trauma. Second, the court has discovered that Exhibit 259 and Exhibit 259A are not consistent. Exhibit 259 does not contain all of the medical bills reflected in the Exhibit 259A summary of the medical bills. Thus, the medical expenses award must be reduced by an additional $25,344.07 because these charges are not supported by the evidence in the record.

The court concludes that the award for medical expenses which is supported by medical records and testimony is $218,409.10. Defendants' motion to amend the judgment is granted in part and denied in part. The judgment is reduced by $31,590.90.

## IV. NOTICE OF PARTIAL SATISFACTION OF JUDGMENT

Defendants have provided the court with notice of partial satisfaction of judgment pursuant to K.S.A. § 40–275. Section 40–275 provides that advance partial payment of damages shall constitute a credit and be deductible from any final judgment rendered. Defendants have presented evidence that they have paid plaintiff $28,600.00 and that plaintiff has accepted this payment. Plaintiff has not responded to the notice. The court considers evidence of the payment uncontroverted. The court concludes that defendants have partially satisfied the judgment and are entitled to a credit in the amount of $28,-600.00.

## V. MOTIONS FOR RECONSIDERATION

On September 25, 1995, the court granted defendants' motion to stay execution of judgment (Doc. 272) pending disposition of the motions for new trial and to amend the judgment. Defendants were ordered to post supersedeas bonds for the uninsured portion of the judgment. Defendants complied with the order to post the bonds. Plaintiff seeks reconsideration of the September 25 order and a determination of the insufficiency of defendants' bonds.

On September 21, 1995, defendants filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit (Doc. 269). On October 18, 1995, plaintiff filed a notice of cross-appeal (Doc. 288). In plaintiff's reply brief (Doc. 291) to the motion to reconsider the court's order to stay execution, he seeks to have the court order the bonds to remain in place through the appeal process.

Defendants' motion to stay execution was brought pursuant to Fed.R.Civ.P. 62(b). Rule 62(b) provides that the court, in its

discretion, may stay the execution of the judgment pending the disposition of a motion for new trial or a motion to amend the judgment. Plaintiff seeks to have the court's stay order modified to treat it as a motion to stay granted under Fed.R.Civ.P. 62(d). Rule 62(d) provides for a stay of the execution of the judgment during the pendency of an appeal.

The court will modify its order to stay execution as follows. The order to stay execution shall be treated as a motion to stay pursuant to Fed.R.Civ.P. 62(d). The stay shall remain in effect during the pendency of the appeal. The court finds that the supersedeas bonds are sufficient to secure the judgment during the appeal process.

## VI.   CONCLUSION

Defendants' motion for new trial based on newly discovered evidence is denied. Plaintiff's participation in two racing events subsequent to the jury's verdict is not newly discovered evidence.

Defendants' motion to amend the judgment is granted in part and denied in part. First, the court concludes that the jury's award of $65,000 for loss of services is not subject to the noneconomic damages cap under K.S.A. § 60–19a02. Second, the jury's award of $250,000.00 for past medical expenses shall be reduced by $31,590.90 because this amount is not supported by the evidence.

Defendants' notice of partial satisfaction of judgment is granted. The defendants are entitled to a credit in the amount of $28,-600.00.

Plaintiff's motions to reconsider are granted in part and denied in part. The court hereby modifies its order to extend the stay and continuation of the supersedeas bonds during the pendency of the appeal.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for new trial (Doc. 263) is denied.

IT IS FURTHER ORDERED that defendants' motion to amend the judgment (Doc. 264) is granted in part and denied in part. The judgment shall be reduced by $31,590.90

so that judgment as amended is reduced to $1,183,409.10.

IT IS FURTHER ORDERED that defendants' notice of partial satisfaction is entered. Defendants are entitled to a credit in the amount of $28,600.00. The remaining judgment to be satisfied by defendants is $1,154,-809.10, plus interest thereon from August 25, 1995, until paid.

IT IS FURTHER ORDERED that plaintiff's motions for reconsideration of order to stay execution (Docs. 278 & 284) are granted in part and denied in part. The stay of execution shall remain in effect during the pendency of the appeal. The supersedeas bond filed by defendants Mid–America Motorsports, Inc. and R.E.D. Racing Inc. in the amount of $161,250.00 and the supersedeas bond filed by defendant World of Outlaws, Inc. in the amount of $107,500.00 shall remain in effect during the pendency of the appeal.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**