**AMERICAN SAMOA GOVERNMENT and BRENNAN ISAAKO for AASU AND AOLOAU CATHOLIC CHOIR, Plaintiffs,**

**v.**

**NTV ELECTRONICS, MANAGER NING TAN, KENNY AND HELEN YOUNG, and PROGRESSIVE INSURANCE COMPANY, Defendants.**

---

**NTV ELECTRONICS and MANAGER NING TAN, Cross-Claimants/Cross-Defendants,**

**v.**

**OXFORD/PROGRESSIVE GROUP, et al., Cross-Defendants/Cross-Claimants.**

High Court of American Samoa
Trial Division

CA No. 74-00

June 13, 2002

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiffs, Fiti Sunia, Attorney General, and Tala Uiagalelei, Assistant Attorney General
For Defendants/Cross-Claimants/Cross-Defendants NTV Electronics and Manager Ning Tan, and Defendants Kenny and Helen Young, Paul F. Miller
For Defendant/Cross-Defendant/Cross-Claimant Progressive Insurance Company (Pago Pago), Ltd., Roy J.D. Hall, Jr.

## ORDER GRANTING MOTIONS TO STAY EXECUTION OF JUDGMENT PENDING DECISION ON MOTION FOR NEW TRIAL AND APPEAL

The decision of the Court on the cross-claim of cross-claimant NTV Electronics ("NTV") and Manager Ning Tan ("Tan") against cross-defendant Progressive Insurance Company (Pago Pago), Ltd. ('Progressive") was entered on March 18, 2002. The Court has under advisement the motion of Progressive for reconsideration or new trial regarding the Court's decision.

Meanwhile, NTV and Tan served a writ of garnishment to reach Progressive's funds deposited with the Bank of Hawaii and Amerika Samoa Bank to enforce their judgment against Progressive. In response, Progressive moved to stay execution of the judgment pending the Court's ruling on the reconsideration or new trial motion and, if necessary, pending appeal. On June 12, 2002, we heard the stay motion and, having considered counsel's arguments, will grant the motion.

 The court has discretion to stay execution or other process to enforce a judgment pending disposition of a motion for new trial upon appropriate conditions to secure the interests of the prevailing party at trial. T.C.R.C.P. 62(b). Similarly, the court has discretion to grant a stay pending appeal upon the filing of a supersedeas bond approved by the court. T.C.R.C.P. 62(d); *see also* A.S.C.A. § 43.0803. Progressive is prepared to post a bond in the principal amount of the judgment, $54,506.80.

■ Factors to consider in deciding whether a stay should be granted include: (1) the likelihood of the movant would prevail on the motion or appeal; (2) irreparable harm to the movant if a stay is not granted; (3) irreparable harm to the other party if a stay is granted; and (4) a stay's effect on the public interest. *See Asifoa v. Lualemana*, 17 A.S.R.2d 100, 102 (App. Div. 1990). Ability and availability of funds to pay the judgment, and other difficulty in the collection process are particularly relevant to money judgments. *See Euta v. Etimani*, 25 A.S.R.2d 54, 55 (Trial Div. 1993).

■ The motion for reconsideration or new trial raises serious questions concerning the sufficiency of the evidence and other legal matters that we must resolve in deciding the motion, or that the appellate court must resolve if we deny the motion and Progressive appeals. The judgment is for money. If the stay is granted, NTV and Tan will lose the immediate financial benefit of the judgment, but post-judgment interest will provide adequate compensation for the delay. The bank garnishments impede Progressive's normal business operations. Moreover, should Progressive ultimately prevail, it may not be readily able to recover funds already paid on the judgment. On balance, the harm to Progressive outweighs the harm to NTV and Tan by a significant margin. The public interest in Progressive's ability to readily meet its insurer obligations is also apparent. Related to the public interest, the amount of the proposed bond adequately protects NTV and Tan should they ultimately prevail. We will, therefore, grant Progressive's motion for a stay of execution of judgment pending decision on the motion for new trial, subject to Progressive filing a bond in the amount of $54,506.80.

Strictly speaking, Progressive's motion for a stay of execution of judgment pending appeal is premature. However, if eventually the motion for reconsideration or new trial is denied and Progressive appeals, it would be appropriate in this case to keep the bond continuously in effect and replace the stay of execution of judgment pending decision on the motion for new trial with a stay of execution of judgment pending appeal. *See Wolfgang v. Mid-American Motorsports, Inc.*, 914 F. Supp. 434, 440-441 (D.C. Kan. 1996).

### Order

1. We grant Progressive's motion for a stay of execution of judgment.

2. Execution of the judgment is stayed pending the court's decision on the motion for reconsideration or new trial. The stay shall apply to the ongoing garnishment proceedings and any future garnishment or other execution proceedings when the stay becomes effective. The stay shall become effective upon the court's approval of a bond in the amount of

$54,506.80 to be filed by Progressive in this action.

3. The foregoing stay applies to the ongoing garnishment proceedings. When the stay become effective, the writ of garnishment issued on April 26, 2002, is quashed, and Progressive's funds held by the Bank of Hawaii and Amerika Samoa Bank are released from garnishment.

4. Should we deny Progressive's motion for reconsideration or new trial and Progressive appeals, execution of the judgment is stayed pending appeal, replacing the execution of the judgment pending decision on the motion for new trial, and the bond posted in the amount of $54,506.80 shall automatically remain in effect as security for the stay pending appeal. Any party may, however, then move for termination or appropriate modification of the stay pending appeal.

It is so ordered.